REC'D OCT - 2 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| **ALLAN C. MUGAN,** | : | |
| Plaintiff, | : | |
| -vs- | : | CIVIL DOCKET NO.: C06-3054-MWB |
| McGUIRE LAW FIRM, P.C., JAMES P. McGUIRE, COLIN C. MURPHY, and JANELLE ARNDT, | : | HONORABLE MARK W. BENNETT |
| Defendants. | : | |

***MOTION IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS***

**EX PARTE SPECIAL MOTION TO AMEND PETITIONER'S FILINGS TO INCLUDE JURISDICTION UNDER 42 U.S.C. § 1983, 28 U.S.C. § 2241(1)(2)(3) AND 5 U.S.C. § 702 FOR RIGHT OF REVIEW OF THE RECORDS, FORTHCOMING EXHIBITS WITH MITIGATING FACTORS THAT WARRANT REDRESS OF THE CLAIMS RAISED MORE COGNIZABLY IN OPPOSITION TO DEFENDANTS**

**NOW COMES ALLAN C. MUGAN,** a pro se Plaintiff in the above captioned case respectfully moving this Honorable Court to amend his initial filings to include the above refrenced jurisdiction(s) in opposition the the Defendant's Motion to dismiss dated on **September 7, 2006.**

Subsequently, The Petitioner asserts that his claims of actions more suitably applies under the above captioned provision, particularly pursuant to 42 U.S.C. § 1983 and § 1985(3), because these Defendant's clearly, as the records and future filings will reflect, conspired for the purpose of depriving the Petitioner directly equal process of the laws, equal privileges and immunities under laws, and for the purpose of preventing and hendering the constituted authorities, as he seeks damages for Legal Malpractice.

Moreover, the Petitioner wishes this Court to apply the provisions of these statutes to "maximize the benefit techniques" to rapidly resolve this action with low cost to all parties. See, 28 U.S.C. § 2672 and 28 C.F.R. § 14.6.

The Defendant's claims therefore do not 'fail' simply because these Defendant's are liable under the Sixth Amendment to have rendered a service indistinguishable to that of a appointed counsel(s), therefore, there no longer exist any contentions of law these Defendant's can state that supports this Court adopt or even consider for that matter dismissing this case.

In addition, the facts are true , in and of themselves, that these Defendant's did improperly use funds that were recieved pursuant to the Petitioner's injury settlement award through workers compensation claims. Therefore, these Defendant's are indeed liable for committing professional legal malpractice.

It matters not whether the Petitioner was under the jurisdiction then of state or federal criminal matters, this case specifically calls for action of relief in that , these Defendant's obtained finances from the Petitioner and alleged that they were used for legal fees, however, counsel(s) clearly failed to prepare, investigate nor file specifically requested and <u>tendered</u> the Defendants services. Therefore, the Defendants have errored in their opinion that no claims are asserted that are protected gy 42 U.S.C. § 1985, as the Petitioner will clearly substantiate upon further submitting his exhibits and additional and more cognizable memorandum and brief of law.

Petitioner reserves the right to procedd in this matter in Forma Pauperis due to his indigency and will clearly and effectively support his claims of how these Defendant's conspired with federal agents and or officials to further violated clearly established constitutional rights, thus, he has amended and moves to include, as previously requested, jurisdiction under 28 U.S.C. § 2241.

Because Colin Murphy, a partner of the McGuire Law Firm, failed to adhere adequately with clear instructions with respects on how, where and when to dispurse finances in the Plaintiff/Petitioner's account, **(EXHIBIT A)**, and because he (and the McGuire Law Firm) continued withdrawing monies for themselves after the Plaintiff on May 23, 2003, made it clear that:

> "If you for <u>any</u> reason, cannot perform as I have directed, then consider this letter a termination of our contract. In such event mail one check for the entire amount to my home address."

**(SEE EXHIBIT B)**

Thus, it was an abuse, and furthermore, a common theft of these defendants to have continued to withdraw fundings from my personal account after not meeting the obligations and wishes submitted in my correspondence, such as funds withdrawn on 6/9/03. **(SEE EXHIBIT C)**.

For all these reasons there exist "show of cause" as to why these Defendant's must be held accountable and responsible for Legal Malpractice with respects to breach of contract, inappropriate and unprofessional behaviors, that these Defendants did conspire for the purpose of depriving the Petitioner equal process of laws, and further why this Court has subject matter jurisdiction to further investigate this matter for a fair and impartial tribunial.

In addition, as the Petitioner has relocated in this Court's district, this matter is certainly cognizable under the foregoing amended pleadings seeking this Court's judicial intervention and decreement which makes the Defendant's request for AND PER MOTION TO DISMISS moot and unacceptable, as there exist many questions of law that must be answered.

Additionally, the Petitioner should be allowed additional time and or an enlargement of time pursuant to Fed. R. Civ. P. Rule 6(b), and prepare his proper complaint in the context that and to which this Court can grant him the relief he is entitled to.

Due to all the foregoing and enclosed exhibits, to which the Petitioner hereby moves this Honorable Court to direct the Clerk of the Court to provide him the actual 1983 Civil Applications under which he may properly present his claims more adequately, supported with an memorandum and brief of law and exhibits which support his claims and right to relief and if nothing more, a judgment on the merits for an EX PARTE JUDGMENT ON THE PARTIAL FINDINGS, pursuant to Fed. R. Civ. P. Rule 52(a) and (b) in which provides the right to amend filings upon this Copurt's authority to proceed without payment. Of course, once the Petitioner is properly compensated his rightful reward, he wil then have the finances to tender any and all filing fees.

## CONCLUSION

**WHEREFORE**, the Defendants motion to dismiss should be denied, and furthermore, the Plaintiff's request to proceed in this matter must be granted as a matter of constitutional rights and the fact that this court does indeed have subject matter jurisdiction to render relief in this matter, upon the Petitioner properly being before this court in upcoming cognizable filings forthcoming.

Respectfully submitted,

[signature]

* Mr. Allen C. Mugan, 08953-029
Federal Correctional Inst-Pekin
P.O. BOx 5000
Pekin, IL 61555

Submitted under the penalty of perjury Act of 28 U.S.C. § 1746, that all the foregoing is honest and true, and has been forwarded on this 26th day of September, 2006. s/ Allen C. Mugan

## CERTIFICATE OF SERVICE

This is to certify that a true and exact copy of all the foregoing has been mailed, U.S. Postage pre-paid to the below listed officials listed at the addresses below on this the 26th day of September, 2006, at:

Rustin T. Davenport, AT0001940
C. Bradley Price
30 - 4th. N.W. - Box 1953
Mason City, Iowa 50402-1953

BY: Allan Charles Mugan
Allan Charles Mugan, pro se

* This will be the new mailing address for plaintiff by october 10, 2006.

REC'D OCT - 2 2006

Exhibit B

5/25/03

Dear Colin or Janelle,

As I have financial obligations and financial forms I need to fill out for the courts and child support, I need to dispose of my assets in your office. I am claiming no assets in your office other than the $10,000.00 retainer for Jim. If you have or have not mailed or given a check to Tammy it makes no difference. I want all my money out of your office by 5 pm today. You said it was your job to disburse the settlement as I wished. On the following page is a list of checks I need. If you, for any reason, can not perform as I have directed, then consider this letter a termination of our contract. In such event mail one check for the entire amount to my home address. Allan Mugan 408 6th St. S.W. Hampton, IA. payable to Allan C. Mugan. How I get it cashed and manage my financial affairs will then be 100% my affair. I'd rather you make out the checks. Everything has gone wrong, this is my only chance to make Tammy stay in Hampton. If I pay the bills she won't have the money to leave plus she'll be paid up to 2004, Plus the receipts will be in my name for future reference. I hope I can count on you to help me make this one thing happen. If not, she will end up in the end with mostly cash.

Thanks for all you + Janelle have done!

Allan C. Mugan

Exhibit A

$3,200.00 payable to Vern or Karen Wirtjes (landlords) memo - May to Dec 2003 rents paid in full by Allan C. Mugan

1,600.00 payable to Mid American Energy memo - in advance on acct 408 6th St. S.W. Allan Mugan 641-456-4876

800.00 payable to Qwest memo - for deposit + in advance on acct 641 456 4876

$600.00 payable to City of Hampton Water dept. memo - in advance on acct. Allan + Tammy Mugan 408 6th St. S.W. Hampton

$350.00 leave pay to order of Blank Jean will fill in for T.V. service.

$100.00 payable to Waste Management memo - on acct in advance Allan + Tammy Mugan 408 6th St. S.W. Hampton

150.00 payable to Allan C. Mugan mail to me. L.C.C.C. Cedar Rapids

$1,500.00 postal money orders only - 3 for $500.00 each payable to Allan C. Mugan

Whatever amount is left make one check payable to Allan C. Mugan. Around $800.00 est. if you got Tammy the $2500.00 or $3,300.00 est. if not. Take all checks + money orders put in one envelope. Write on back of envelope, "Settlement info." That's how Jeannie knows it's o.k. for her to open it. Jeannie is my oldest daughter as you may know. 456-4087 is her number. Mail to Allan C. Mugan c/o Jean Mugan P.O. Box 215 Hampton, IA. 50441. She has been instructed how to handle these funds. Do this by 5 pm today or I will be accused of lying on my financial statements.

Thanks - Allan C. Mugan

Allan C. Mugan

*Exhibit C*

Allan Mugan

| | | | Amount |
|---|---|---|---|
| 8/29/2003 | Invoice No. 16854 | 16854 | $1.24 |

| Date | Description | Amount |
|---|---|---|
| 6/20/2002 | Received retainer for filing fee | $75.00 |
| 6/27/2002 | TrAct payment to Iowa Workers' Compensation Commissioner - filing fee | ($65.00) |
| 8/13/2002 | TrAct Pmt to McGuire Law Firm for expenses | ($10.00) |
| 5/16/2003 | Received settlement from LED Long Haul for July 15, 2001 WC Claim | $60,000.00 |
| 5/16/2003 | TrAct payment to Collection Services for back child support | ($17,943.18) |
| 5/16/2003 | TrAct Pmt to McGuire Law Firm for costs repaid | ($202.76) |
| 5/16/2003 | TrAct payment to McGuire Law Firm, P.C. for legal fees pursuant to attorney fee contract | ($20,000.00) |
| 5/16/2003 | TrAct payment to McGuire Law Firm Trust Account - retainer for Criminal Defense | ($10,000.00) |
| 5/19/2003 | TrAct payment by money order to client for funds requested | ($150.00) |
| 5/27/2003 | TrAct payment to Tammy Mugan for Child Support | ($2,500.00) |
| 6/4/2003 | TrAct payment to Michael Mugan (requested by Allan Mugan) | ($1,100.00) |
| 6/5/2003 | TrAct payment to Michael Mugan | ($300.00) |
| 6/9/2003 | TrAct payment to McGuire Law Firm for legal fees and expenses for criminal matter. | ($5,603.60) |
| 6/11/2003 | Money order sent to client | ($100.00) |
| 6/18/2003 | Funds to Allan Mugan sent to Lisa Schatzer | ($1,500.00) |
| 6/24/2003 | Money order to client | ($100.00) |
| 6/24/2003 | TrAct payment to Northwoods State Bank for stop payment on check #5098 | ($20.00) |
| 6/30/2003 | Received interest on account | $6.06 |
| 7/10/2003 | TrAct payment to AT&T for collect call charges | ($97.94) |
| 7/10/2003 | Money Order sent to client for balance of trust funds | ($388.58) |
| | New balance of Client funds | $0.00 |

A. Charles Mugan 08953-029
Federal Correctional Institution
14601 Burbridge Road SE
P.O. Box 1000
Cumberland, Md. 21501

Clerk of Court
United States District Court
Northern District of Iowa
101 First Street SE
Cedar Rapids, Iowa 52401

SEP 26 2006

FEDERAL CORRECTIONAL INSTITUTION
14601 BURBRIDGE ROAD, SE
CUMBERLAND, MD 21502

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

SEP 26 2006