# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

ALLAN C. MUGAN,

        Plaintiff,

vs.

McGUIRE LAW FIRM, PC,
JAMES P. McGUIRE, COLIN C.
MURPHY, and JANELLE ARNDT,

        Defendants.

No. C06-3054-MWB

**REPORT AND RECOMMENDATION
ON DEFENDANTS' MOTION TO
DISMISS, AND ORDER ON OTHER
PENDING MOTIONS**

_____

On August 3, 2006, the plaintiff Allan C. Mugan, currently an inmate in the Federal Correctional Institution, Pekin, Illinois, submitted an application to proceed *in forma pauperis* in this action, together with a proposed Complaint. The application was granted, and the Complaint was filed of record on August 9, 2006. (Doc. No. 3)

On the face of his Complaint, Mugan indicates this matter is "civil litigation for malpractice, malfeasance, misappropriation/unethical conduct pursuant [to] 18 USC §§ 3006A, et al." In his Complaint, Mugan alleges he retained the defendant James P. McGuire, principal of the defendant McGuire Law Firm, PC, to represent him in federal criminal proceedings. He states the defendant Janelle Arndt was a legal assistant/secretary at the McGuire firm, and the defendant Colin C. Murphy was an attorney at the firm who represented Mugan in a worker's compensation action. Mugan claims the defendants misappropriated funds that represented part of Mugan's worker's compensation settlement; McGuire was professionally negligent in several respects in his representation of Mugan in the criminal action; the defendants breached the contract for legal services between Mugan and the McGuire firm; and the defendants committed various torts against Mugan including fraud, misrepresentation, and extortion, in connection with their handling of

Mugan's worker's compensation settlement. In a nutshell, this is an action for legal malpractice.

Mugan asserts federal question jurisdiction on the basis of 18 U.S.C. § 3006A, and 28 U.S.C. § 1343. (*See* Doc. No. 3-1, ¶¶ 7 & 8) He also alleges diversity jurisdiction under 28 U.S.C. § 1332. (*See* Doc. No. 3-1, ¶ 8)

On September 7, 2006, the defendants filed a Motion to Dismiss (Doc. No. 4), arguing the court lacks subject matter jurisdiction to consider this matter. Mugan resisted the motion on October 2, 2006, and moved to amend his Complaint to assert jurisdiction under 42 U.S.C. §§ 1983 and 1985, and 42 U.S.C. § 2241. (Doc. No. 5; *see also* Doc. No. 12-2, p. 1) The motion is **granted**; Mugan's Complaint is deemed amended to include assertions of jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1985, and 28 U.S.C. § 2241.

On November 16, 2006, Mugan filed a motion (Doc. No. 6) to stay all proceedings in this case while he was being transferred from the federal correctional institution in Cumberland, Maryland, to his current location in Pekin, Illinois. The court granted the motion (Doc. No. 7). On November 29, 2006, Mugan advised the court that his transfer was complete (Doc. No. 8), and on January 3, 2007, the court lifted the stay. (Doc. No. 9) On February 12, 2007, Mugan filed a motion (Doc. No. 12) for appointment of counsel to represent him in this matter. Because, as set forth below, the court finds the defendants' motion to dismiss should be granted, Mugan's motion for appointment of counsel is **denied**. *See In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986) (discussing factors court should consider in making determination whether to appoint counsel for indigent prisoner litigant).

The defendants' motion to dismiss is now ripe for decision, and the court turns to consideration of the motion.

Mugan asserts the court has both diversity and federal question jurisdiction. The court will examine each of the statutes under which Mugan claims jurisdiction exists in this court.

Mugan asserts jurisdiction under 18 U.S.C. § 3006A. The statute, which codifies the Criminal Justice Act, requires federal courts to implement a plan to furnish representation for indigent defendants in criminal cases and certain other types of cases. The statute further provides for payment of attorneys appointed under the Act, and certain trial-related costs. Nowhere does the statute provide a private right of action against attorneys appointed under the Act, nor does it provide any basis for federal jurisdiction in this case.

Mugan also asserts jurisdiction under 28 U.S.C. § 1343, which gives district courts original jurisdiction of certain types of civil actions, including those brought pursuant to 42 U.S.C. §§ 1983 and 1985. Addressing section 1985 first, Mugan alleges the defendants conspired for the purpose of depriving him of "equal process of the laws, equal privileges and immunities under laws, and for the purpose of preventing and hendering [sic] the constituted authorities[.]" (Doc. No. 5, p. 1) Mugan's allegations in his Complaint state a claim for legal malpractice in connection with the handling of his worker's compensation settlement and his federal criminal case. Even if the defendants "conspired," as alleged by Mugan, such a conspiracy would not fall under 42 U.S.C. § 1985, which prohibits two or more persons from going onto "the highway" or "the premises of another" to deprive a person or class of persons of their rights, or from conspiring to interfere with a person's right to vote and to support and advocate for a political candidate.

Turning to 42 U.S.C. § 1983, to state a claim under that section, Mugan must establish two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) the alleged deprivation of that right *that was committed by a person acting under color of state law. See West v. Atkins*, 487 U.S. 42, 48, 108 S.

3

Ct. 2250, 2254-55, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913, 68 L. Ed. 2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 330, 106 S. Ct. 662, 664, 88 L. Ed. 2d 662 (1986). Although Mugan alludes to some type of collusion between the defendants and the Government to violate his rights, he has failed to show the defendants were acting under color of state law.

Mugan further asserts jurisdiction pursuant to 28 U.S.C. § 2241, which confers upon federal courts the power to grant writs of habeas corpus. Mugan notes he is preparing a motion to vacate judgment pursuant to 28 U.S.C. § 2255, for his attorney's allegedly ineffective assistance in the federal criminal case. Be that as it may, section 2241 is irrelevant to the present action, and does not effect jurisdiction in this court over Mugan's legal malpractice claims.

In addition to federal question jurisdiction, Mugan alleges diversity jurisdiction under 28 U.S.C. § 1332. In his Complaint, Mugan states he "was at all times mentioned [in the Complaint], an adult citizen of the United States and a *resident* of the State of Iowa." (Doc. No. 3-1, ¶ 3; emphasis added) The U.S. Supreme Court has explained, "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be *domiciled* within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 2221, 104 L. Ed. 2d 893 (1989) (citations omitted, emphasis added). Domicile requires both that the person be living in the State, and have the intent to make the State "a fixed and permanent home." *Comm'r of Internal Revenue v. Nubar*, 185 F.2d 584, 587 (4th Cir. 1951) (internal quotation marks, citation omitted). Technically, Mugan has failed to invoke diversity jurisdiction by failing to allege he was a *citizen* of Iowa. *See Chicago, B. & Q. Ry. Co. v. Willard*, 220 U.S. 413, 420, 31 S. Ct. 460, 463, 55 L. Ed. 521 (1911) ("[W]hen jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of

4

facts in the record showing such required diversity of citizenship is fatal, and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." (Internal quotation marks, citation omitted.))

Although the words "domicile" and "residence" may have similar meanings when "used by persons skilled in legal semantics, their meanings are quite different." *Nubar*, 185 F.2d at 587. However, as used by Mugan, a *pro se* prisoner litigant, the undersigned concludes from the pleadings that Mugan intended to allege he was a citizen of Iowa. *See Kern v. Standard Oil Co.*, 228 F.2d 699, 701 (8th Cir. 1956) (party's allegation that he was a "resident" of Minneapolis, Minnesota, meant the party was a "citizen" of Minnesota) (citations omitted).

"Loss of citizenship in a state results for the purpose of diversity when a citizen of the state changes his abode or domicile with no intention of returning to his former abode or home." *Maple Island Farm, Inc. v. Bitterling*, 196 F.2d 55, 58 (8th Cir. 1952) (citations omitted). Mugan's incarceration outside of Iowa does not change his domicile for purposes of determining diversity jurisdiction. "[T]he traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977). In the Eighth Circuit, there is a rebuttable presumption "that a prisoner retains his pre-incarceration domicile." *Id*, 251. "Truly exceptional circumstances" are required to rebut this presumption. *Id*. Mugan has made no showing of such exceptional circumstances. As a result, because both Mugan and the defendants are citizens of Iowa, no diversity of citizenship exists.

In summary, Mugan has failed to provide any basis for federal jurisdiction. His claims against the defendants all arise under state law. Accordingly, the case should be dismissed for lack of subject matter jurisdiction.

5

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that unless any party files objections[1] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)(C) and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, the defendants' motion to dismiss be granted and this case be dismissed.

**IT IS SO ORDERED.**

**DATED** this 20th day of February, 2007.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1]Objections must specify the parts of the report and recommendation to which objections are made.  Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections.  *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact.  *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

6