# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ALLAN C. MUGAN,<br><br>        Plaintiff,<br><br>vs.<br><br>McGUIRE LAW FIRM, P.C., JAMES P. McGUIRE, COLIN C. MURPHY, and JANELLE ARNDT,<br><br>        Defendants. | No. C 06-3054-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS** |

_____

This matter comes before the court pursuant to the February 20, 2007, Report and Recommendation On Defendants' Motion To Dismiss, And Order On Other Pending Motions (docket no. 15) by Chief United States Magistrate Judge Paul A. Zoss. Chief Magistrate Judge Zoss recommends that the court grant the defendants' September 7, 2006, Motion To Dismiss (docket no. 4), which asserts lack of subject matter jurisdiction. Plaintiff Allan C. Mugan filed a *pro se* Motion In Objection To The Report and Recommendation (docket no. 18) on March 12, 2007, which he represented was timely filed by placing it in the prison's outgoing mail on March 6, 2007. The court deems Mugan's Objection timely filed.

Chief Magistrate Judge Zoss described Mugan's claims in this action as follows:

> On the face of his Complaint, Mugan indicates this matter is "civil litigation for malpractice, malfeasance, misappropriation/unethical conduct pursuant [to] 18 USC §§ 3006A, et al." In his Complaint, Mugan alleges he retained the defendant James P. McGuire, principal of the defendant McGuire Law Firm, PC, to represent him in federal

> criminal proceedings. He states the defendant Janelle Arndt was a legal assistant/secretary at the McGuire firm, and the defendant Colin C. Murphy was an attorney at the firm who represented Mugan in a worker's compensation action. Mugan claims the defendants misappropriated funds that represented part of Mugan's worker's compensation settlement; McGuire was professionally negligent in several respects in his representation of Mugan in the criminal action; the defendants breached the contract for legal services between Mugan and the McGuire firm; and the defendants committed various torts against Mugan including fraud, misrepresentation, and extortion, in connection with their handling of Mugan's worker's compensation settlement. In a nutshell, this is an action for legal malpractice.

Report and Recommendation at 1-2. Mugan has not objected to this characterization of his claims. Chief Magistrate Judge Zoss also noted that Mugan had originally asserted federal question jurisdiction pursuant to 18 U.S.C. § 3006A and 28 U.S.C. § 1343 and diversity jurisdiction pursuant to 28 U.S.C. § 1332, but granted Mugan leave to amend his Complaint to assert jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, and 2241.

Chief Magistrate Judge Zoss rejected each of Mugan's assertions of subject matter jurisdiction, however. He found that 18 U.S.C. § 3006A does not create a private right of action against attorneys appointed under the Criminal Justice Act, which the statute codifies, nor does it provide a basis for federal jurisdiction. Next, he concluded that 28 U.S.C. § 1343, which gives district courts original jurisdiction over certain civil actions, including those brought pursuant to 42 U.S.C. §§ 1983 and 1985, did not confer subject matter jurisdiction in this case, because Mugan had failed to allege a conspiracy that would fall under § 1985 and had not alleged any action under color of state law as required for a claim pursuant to § 1983. Chief Magistrate Judge Zoss also found that 42 U.S.C. § 2241, a *habeas corpus* statute, did not confer jurisdiction in this court over what are

2

essentially legal malpractice claims. These conclusions left only diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for subject matter jurisdiction over Mugan's Complaint. Chief Magistrate judge Zoss found that Jurisdiction on that basis required more detailed analysis, however.

As to the question of diversity jurisdiction, Chief Magistrate Judge Zoss noted that Mugan had alleged in his Complaint that he is a citizen of the United States and a "resident" of Iowa. Construing Mugan's *pro se* complaint liberally, Chief Magistrate Judge Zoss concluded that Mugan intended to allege that he is a "citizen" of Iowa. Next, Chief Magistrate Judge Zoss concluded that Mugan had not lost or changed his citizenship by virtue of his incarceration in Cumberland, Maryland, or, at present, in Pekin, Illinois, because the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state, but instead retains the domicile he had prior to his incarceration, citing *Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977). Chief Magistrate Judge Zoss found that Mugan had made no showing of the "exceptional circumstances" required to rebut the presumption that Iowa was still his domicile, again citing *Jones v. Hadican*. That being so, Chief Magistrate Judge Zoss found that Mugan and the defendants were all citizens of Iowa, so that no diversity of citizenship exists in this case.

Because Mugan had failed to allege any basis for federal subject matter jurisdiction, Chief Magistrate Judge Zoss recommended that this matter be dismissed for lack of subject matter jurisdiction.

In his Objection, Mugan contends, first, that the Report and Recommendation must be corrected, because he merely filed a motion for permission to amend his original Complaint on October 2, 2006, but has never received the proper forms from the Clerk of Court to file the actual Amended Complaint. As to the matter of subject matter

3

jurisdiction, Mugan contends that he is not "officially" a resident of Iowa and, indeed, because of the granting of his spouse's petition for divorce and the destruction by his spouse of all of his personal possessions, he is left with no home address and no tangible goods in Iowa. He contends that he has secured residence with his brother in Minnesota by virtue of completing a Federal Bureau of Prisons "Inmate Request To Staff," a copy of which is attached to his Objection, in which he requested that his "home address" be changed to his brother's address in Albert Lea, Minnesota. Thus, he contends that this action involves an amount in controversy in excess of $50,000.00, and is between citizens of different states, which satisfies the requirements for diversity jurisdiction. In the alternative, he contends that this matter involves violation of his right to effective assistance of counsel as guaranteed by the Sixth Amendment, so that it satisfies the requirements for federal question jurisdiction. At the very least, he contends that the court can retain jurisdiction to afford him "relief for equitable or restitutionary reasons."

The standard of review to be applied by the district court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

4

However, the plain language of the statute governing review provides only for *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Therefore, portions of the proposed findings or recommendations to which no objections are filed are reviewed only for "plain error." *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994) (reviewing factual findings for "plain error" where no objections to the magistrate judge's report were filed). The court will give *de novo* review to the matters to which Mugan has made objections and "plain error" review to the remainder of the Report and Recommendation.

First, Mugan asserts that the Report and Recommendation must be "corrected," because he merely filed a motion for permission to amend his original complaint on October 2, 2006, but has never received the proper forms from the Clerk of Court to file the actual amended motion. Mugan's October 2, 2006, filing was denominated, in pertinent part, an "EX PARTE SPECIAL MOTION TO AMEND PETITIONER'S FILINGS TO INCLUDE JURISDICTION UNDER 42 U.S.C. § 1983, 28 U.S.C. § 2241(1)(2)(3)," and it states that Mugan believes his claims are "more suitably" brought under 42 U.S.C. § 1983 and § 1985. Thus, the court finds that Chief Magistrate Judge Zoss properly construed Mugan to be seeking leave to amend his complaint to assert jurisdiction pursuant to 42 U.S.C. §§ 1983, 1985, and 2241, in addition to prior assertions of jurisdiction, and properly granted leave as requested. There was no indication in Mugan's motion that he intended to file a separate amended complaint, on forms from the Clerk's Office or otherwise. Therefore, to the extent that Mugan objects to Chief Magistrate Judge Zoss's ruling granting him leave to amend his Complaint to assert additional bases for federal jurisdiction, that objection is overruled.

Second, Mugan objects to Chief Magistrate Judge Zoss's conclusion that this court does not have diversity jurisdiction over his claims. As the record was presented to Chief

5

Magistrate Judge Zoss, however, the court finds that Mugan plainly had alleged that he was a citizen of Iowa, the same state of citizenship for all of the defendants. Chief Magistrate Judge Zoss also correctly concluded that Mugan had done nothing, at that time, to rebut the presumption that he remained a citizen of Iowa, notwithstanding his incarceration in other states, because his residence in those other states was involuntary. *See Jones v. Hadican*, 552 F.2d 249, 251 (8th Cir. 1977) (there is a presumption that a prisoner retains his pre-incarceration domicile, which may be rebutted only by a showing of "truly exceptional circumstances" that would justify a finding that the prisoner has acquired a new domicile at the place of his incarceration). Therefore, Chief Magistrate Judge Zoss correctly concluded, on the record then presented, that Mugan had not alleged a basis for federal jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of different states."); *see also Capitol Indem. Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004) ("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship. *Owen Equipment & Erection v. Kroger,* 437 U.S. 365, 373, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978)."). [1]

Mugan now attempts to rebut the presumption that his domicile has remained in Iowa by showing that his spouse has divorced him and destroyed all of his personal property in Iowa, so that he has no home in Iowa to which he could return upon the

---

[1] The court notes that jurisdiction based on diversity of citizenship now requires an amount in controversy in excess of $75,000, not $50,000 as Mugan asserts. *See* 28 U.S.C. § 1332.

conclusion of his term of imprisonment, and by showing that he has advised the Bureau of Prisons that his "home address" is now his brother's address in Albert Lea, Minnesota. The court concludes, however, that Mugan has failed to allege facts sufficient to raise a substantial question that his domicile is now Minnesota. *See Jones v. Hadican*, 552 F.2d at 251 (the prisoner "failed to allege facts sufficient to raise a substantial question as to domicile"). Mugan has not alleged that he is physically present in the state of Minnesota, which is the first requirement to establish citizenship for purposes of diversity of citizenship. *See Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) ("The legal standard to determine citizenship is straightforward. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely."); *see also Jones v. Hadican*, 552 F.2d at 251 (a prisoner may be able to rebut the presumption that he retains his pre-incarceration domicile and has, instead, "acquired a new domicile at the place of his incarceration"). Mugan also merely alleges that his marriage has ended and that he "has secured residence with his brother in the state of Minnesota." As the Eighth Circuit Court of Appeals explained in *Jones v. Hadican*, "[A] prisoner must still introduce more than 'unsubstantiated declarations' to rebut the presumption that he retains his pre-incarceration domicile," and a declaration that the prisoner's marriage had "irrevocably deteriorated" was not enough. *Id.* at 250. Mugan's request that the Bureau of Prisons change his "home address," which he offers to substantiate his intention to change his domicile, also falls far short of evidence that would reasonably "indicate a bona fide intention to change [the prisoner's] domicile." *Id.*; *see also id.* at 251 n.2 (citing *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973), as demonstrating a plausible argument that the prisoner would never return to his former domicile, where he had been convicted of a particularly heinous and highly-publicized crime (murder by letter bomb), and would, consequently, be subject to "scorn and

7

hostility" if he returned to his former domicile). If such a "change of address" request were enough to change a prisoner's domicile, then neither the *Jones v. Hadican* presumption that a prisoner's domicile is his pre-incarceration domicile nor the requirement that "truly exceptional circumstances" must be shown to rebut that presumption would have any meaning. More generally, if a "change of address" request were enough to change any litigant's domicile, domicile for purposes of diversity of citizenship generally would become subject to facile manipulation. Thus, Mugan's objection to Chief Magistrate Judge Zoss's conclusion that diversity jurisdiction is lacking in this case will be overruled, even on the basis of the new evidence that he has submitted for this court's *de novo* review.

Mugan also objects to Chief Magistrate Judge Zoss's conclusion that federal question jurisdiction, presumably pursuant to either 28 U.S.C. § 1331 or 28 U.S.C. § 1343, is lacking, because he contends that this matter involves a violation of his right to effective assistance of counsel as guaranteed by the Sixth Amendment. The short answer to such a contention is that Mugan has not alleged a claim of ineffective assistance of counsel. Rather, as Chief Magistrate Judge Zoss concluded, Mugan asserts only state-law legal malpractice claims. Therefore, this objection will also be overruled.

Finally, Mugan objects to Chief Magistrate Judge Zoss's conclusion that this court lacks subject matter jurisdiction, because he contends that the court can retain jurisdiction to afford him "relief for equitable or restitutionary reasons." This court, however, knows of no authority that it can exercise subject matter jurisdiction simply to afford such equitable or restitutionary relief in the absence of federal question or diversity jurisdiction or some other express grant of subject matter jurisdiction by Congress or the Constitution. *See, e.g., Kessler v. National Enters., Inc.*, 347 F.3d 1076, 1081 (8th Cir. 2003) ("'Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be

8

established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.'") (quoting *Godfrey v. Pulitzer Pub. Co.*, 161 F.3d 1137, 1141 (8th Cir.1998)); *accord Kontrick v. Ryan*, 540 U.S. 443, 452 (2004))(the nonconstitutional jurisdiction of all federal courts is fixed by Congress). Thus, this objection will also be overruled.

The court finds no "plain error" in any of the findings or conclusions in Chief Magistrate Judge Zoss's Report and Recommendation to which Mugan has not expressly objected. *See Griffini*, 31 F.3d at 692 (the court reviews factual findings for "plain error" where no objections to the magistrate judge's report were filed).

THEREFORE, upon *de novo* review of matters to which Mugan has objected and plain error review of the remainder of the February 20, 2007, Report and Recommendation On Defendants' Motion To Dismiss, And Order On Other Pending Motions (docket no. 15), the court **overrules** Mugan's March 12, 2007, *pro se* Motion In Objection To The Report and Recommendation (docket no. 18), **accepts** the February 20, 2007, Report and Recommendation in its entirety, and consequently, **grants** the defendants' September 7, 2006, Motion To Dismiss (docket no. 4). **This matter, in its entirety, is dismissed for lack of subject matter jurisdiction.**

**IT IS SO ORDERED.**

**DATED** this 12th day of April, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA