# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| ALLAN C. MUGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>McGUIRE LAW FIRM, P.C., JAMES P. McGUIRE, COLIN C. MURPHY, and JANELLE ARNDT,<br><br>    Defendants. | No. C 06-3054-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO RECONSIDER DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION** |

_____

This matter comes before the court pursuant to plaintiff Allan C. Mugan's April 25, 2007, "Memorandum in Support of Motion for Reconsideration of Summary Judgment Pursuant [To] F.R.civ.P. 52(b) and/or 59(e)" (docket no. 22). Mugan's Motion To Reconsider challenges the court's April 12, 2007, Memorandum Opinion And Order Regarding Report and Recommendation On Defendants' Motion To Dismiss (docket no. 20) in which the court accepted a Report and Recommendation recommending that the court grant the defendants' motion to dismiss for lack of subject matter jurisdiction. The defendants filed a Resistance To Motion For Miscellaneous Relief (docket no. 23) on May 3, 2007.

Mugan asserts that the court's dismissal of his action for lack of subject matter jurisdiction was manifestly erroneous on two grounds: (1) he repeatedly asserted claims of ineffective assistance of counsel and repeatedly indicated his intention to amend his complaint to assert such claims, if the Clerk of Court would send him the proper forms, so that this court has federal question jurisdiction over his action; and (2) he has no

intention of ever returning to Iowa, which rebuts any presumption that he remains a citizen of Iowa for purposes of diversity jurisdiction. Although Mugan is correct that the court may alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure for "manifest" error, *see, e.g., United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934 (8th Cir. 2006), the court finds that neither of the alleged errors that Mugan asserts warrants reversal of the court's order dismissing this case for lack of subject matter jurisdiction.

In his March 12, 2007, *pro se* Motion In Objection To The Report and Recommendation (docket no. 18) to Chief Magistrate Judge Zoss's February 20, 2007, Report and Recommendation On Defendants' Motion To Dismiss, And Order On Other Pending Motions (docket no. 15), Mugan did not challenge Judge Zoss's characterization of his action as an action for legal malpractice. Such a claim under Iowa law requires Mugan to prove the following: (1) the existence of an attorney-client relationship giving rise to a duty, (2) the attorney, either by an act or failure to act, violated or breached that duty, (3) the attorney's breach of duty proximately caused injury to the client, and (4) the client sustained actual injury, loss, or damage. *Trobaugh v. Sondag*, 668 N.W.2d 577, 580 n.1 (Iowa 2003); *Ruden v. Jenk,* 543 N.W.2d 605, 610 (Iowa 1996). Even to the extent that Mugan from time to time described his attorney's alleged malpractice as "ineffective assistance of counsel," Mugan's claims appeared to Judge Zoss, and appear to the court, to be state-law claims for damages for malpractice, most of which are unrelated to his criminal defense, and as such, those claims provide no basis for federal question jurisdiction. As a damages claim pursuant to 42 U.S.C. § 1983 based on constitutionally deficient conduct of counsel in his criminal trial, such a claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because to assert such a claim, Mugan would first have to prove that his conviction or sentence had been called into question by a federal

2

court's issuance of a writ of habeas corpus, and Mugan has not done so. To the extent that Mugan now asserts that he has asserted or intended to assert claims of ineffective assistance of counsel during his criminal trial in violation of his Sixth Amendment right to counsel as grounds for collaterally attacking his conviction, those claims are cognizable only in an action pursuant to 28 U.S.C. § 2255, in which none of his other state-law damages claims could be joined, because the respondent in such an action would be the United States, not any of the present defendants. *See* Rule 4(b) of Rules—Section 2255 Proceedings. Thus, even if Mugan intended to file a § 2255 "ineffective assistance" claim, and has been inhibited from doing so only because he has purportedly not received the necessary forms from the Clerk's Office, such anticipated § 2255 claim would not provide this court with jurisdiction over Mugan's present claims. Therefore, Mugan's references to "ineffective assistance" in his various filings do not give this court subject matter jurisdiction over the present action.

Second, for purposes of diversity jurisdiction, Mugan still has not rebutted the presumption that, as a prisoner, he has not acquired a new domicile despite his incarceration in a different state, but instead has retained the domicile that he had prior to his incarceration, *see Jones v. Hadican*, 552 F.2d 249, 250-51 (8th Cir. 1977) (stating this presumption), so that all parties to this case are citizens of Iowa. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy . . . is between . . . citizens of different states."); *see also Capitol Indem. Corp. v. Russellville Steel Co., Inc.*, 367 F.3d 831, 835 (8th Cir. 2004) ("Diversity jurisdiction exists where the amount in controversy is greater than $75,000 and where there is complete diversity of citizenship. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendants hold citizenship in a state where any plaintiff holds citizenship. *Owen Equipment & Erection v. Kroger,* 437 U.S. 365, 373, 98 S. Ct.

3

2396, 57 L. Ed. 2d 274 (1978)."). Mugan attempts to liken his case to the circumstances in *Stifel v. Hopkins*, 477 F.2d 1116 (6th Cir. 1973), cited in *Jones* as demonstrating a plausible argument that the prisoner would never return to his former domicile. *See Jones*, 552 F.2d at 251 n.2 (noting that, in *Stifel*, the defendant had been convicted of a particularly heinous and highly-publicized crime (murder by letter bomb), and would, consequently, be subject to "scorn and hostility" if he returned to his former domicile). Mugan argues that, like the petitioner in *Stifel*, he has also been convicted of a heinous crime, in his case, a sex crime, that provoked considerable news coverage, so that there is nothing for which he ever could or would return to this state, even if he is exonerated in his upcoming habeas corpus action. He contends that his domicile for subject matter jurisdiction purposes is Minnesota, where his brother lives, where he has directed that his personal mail should be delivered, and where he now alleges that he has his permanent address. Even supposing that Mugan has shown that he is unlikely to return to Iowa, he has not shown that he has acquired a new domicile in Minnesota, because he is not physically present in the state of Minnesota. Physical presence in the state is the first requirement to establish citizenship for purposes of diversity of citizenship. *See Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005) ("The legal standard to determine citizenship is straightforward. Citizenship is determined by a person's physical presence in a state along with his intent to remain there indefinitely."); *see also Jones v. Hadican*, 552 F.2d at 251 (a prisoner may be able to rebut the presumption that he retains his pre-incarceration domicile and has, instead, "acquired a new domicile at the place of his incarceration"). Thus, there remains no basis for diversity jurisdiction in this case.

4

THEREFORE, Mugan's April 25, 2007, "Memorandum in Support of Motion for Reconsideration of Summary Judgment Pursuant [To] F.R.civ.P. 52(b) and/or 59(e)" (docket no. 22) is **denied**.

**IT IS SO ORDERED.**

**DATED** this 8th day of May, 2007.

_Mark W. Bennett_
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des    5/08/07